UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
:
LOUIS HILL, :
 :
    Petitioner, :
 :
    v. : No. 2:15-cv-00355
 :
MICHAEL WENEROWICZ; :
THE DISTRICT ATTORNEY OF :
THE COUNTY OF DELAWARE; and :
THE ATTORNEY GENERAL OF :
THE STATE OF PENNSYLVANIA; :
 :
    Respondents. :
_____ :

**O P I N I O N**
**Report and Recommendation, ECF No. 18 – Adopted**

**Joseph F. Leeson, Jr.**                                                                     **January 26, 2018**
**United States District Judge**

## I.     INTRODUCTION

      Louis Hill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction for attempted murder, aggravated assault, and possession of a firearm without a license. ECF No. 1. Hill later filed an amended petition with leave of court. ECF No. 15. United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation (R&R) recommending that the habeas corpus petition be dismissed as untimely. ECF No. 18. Hill timely filed objections to the R&R. ECF No. 20. After de novo review and for the reasons set forth below, the R&R is adopted and the amended habeas petition is dismissed.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court adopts the factual and procedural history as summarized by Magistrate Judge Heffley in the R&R.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (noting that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## IV. ANALYSIS

Hill presents seven objections to the R&R. The Court addresses each of these objections in turn and concludes that none entitle Hill to relief.

**Objection One: Judge Heffley's decision not to require a response to the amended petition before issuing the R&R was unreasonable.**

Hill contends that Judge Heffley's decision to issue an R&R without requiring a response to the petition violates due process because in doing so, she "advanced the Respondent's defense

for the Respondent." Amend. Pet. 4. Hill presents a meritless objection because Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts permits a judge to dismiss a petition without requiring a response where, as here, it "plainly appears" from the petition and attached materials that the petitioner is not entitled to relief. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . . *If the petition is not dismissed*, the judge must order the respondent to file an answer . . . ." (emphasis added)). Judge Heffley concluded that it "plainly appears" that Hill's petition is meritless; thus, she did not err in not requiring a response. Objection one is denied.

**Objection Two: Judge Heffley erred in finding that sufficient evidence supported Hill's conviction.**

Hill contends that Judge Heffley erred in concluding that sufficient evidence supported his conviction. He argues that Judge Heffley improperly rejected his "diminished capacity" defense, which would have negated the *mens rea* element of attempted murder and thus ensured his acquittal. Hill alleges that the trial record revealed "facts and circumstances that demonstrated that the Petitioner was in fear of the victim," and therefore that insufficient evidence existed to prove that he had a specific intent to kill, which entitles him to relief under *Jackson v. Virginia*, 443 U.S. 307 (1979). Amend. Pet. 5.

In *Jackson*, the Supreme Court held that, to find sufficient evidence to support a conviction, a court need not determine that the evidence at trial established guilt beyond a reasonable doubt, but only that "any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt." 443 U.S. 307, 318-19. Judge Heffley correctly concluded that there was ample evidence to support Hill's conviction: the record reveals (1) that the victim testified that Hill threatened to kill him over a dispute concerning a jacket and that Hill shot him multiple times with a handgun; (2) that a police officer testified that the victim told him that "Vegaz" shot him; (3) that two other officers testified that they knew Hill as "Vegaz;" and (4) another officer testified to taking a photo of Hill that displayed a tattoo on his arm reading "Vegaz." R&R 7-8. On this evidence, a jury could clearly find beyond a reasonable doubt that Hill committed attempted murder.

Hill attempts to surmount this evidence with a diminished capacity defense, alleging that he was so overwhelmed by fear of the victim because of their previous dispute that he was under a temporary mental disorder—a disorder which apparently lasted several days until the moment Hill shot the victim. Under Pennsylvania law, to prove diminished capacity, only expert testimony describing how the mental disorder impaired the cognitive functions necessary to form the specific intent is relevant and admissible. *Carroll v. Diguglielmo*, No. CIV.A. 08-2421, 2011 WL 1641797, at *6 (E.D. Pa. May 2, 2011) (citing *Commonwealth v. Terry*, 521 A.2d 398, 404 (Pa. 1987)). Furthermore, diminished capacity is a "question of fact solely within the province of the jury, who is free to believe any, all, or none of the testimony" regarding the defendant's alleged incapacitation. *Commonwealth v. Vandivner*, 962 A.2d 1170, 1177 (Pa. 2009).

Hill has pointed to no specific "facts and circumstances" that demonstrate his fear of the victim, much less that this fear rose to the level of diminished capacity. Nor does he present the "extensive psychiatric testimony establishing a defendant suffered from one or more mental disorders which prevented him from formulating the specific intent to kill" required to mount a successful diminished capacity defense. *Commonwealth v. Mitchell*, 902 A.2d 430, 446 (Pa.

2006) (citing *Commonwealth v. Cuevas*, 832 A.2d 388, 392 (Pa. 2003)). Given the insubstantial nature of Hill's defense theory and the volume and strength of evidence against him, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt, so Judge Heffley correctly concluded that Hill's challenge to the sufficiency of the evidence fails. Objection two is denied.

**Objection Three: Judge Heffley erred in her conclusion that Hill's trial counsel was not ineffective for not advancing a diminished capacity defense.**

Hill argues that his counsel provided ineffective assistance because counsel did not present a diminished capacity defense at trial. He takes issue with Magistrate Judge Heffley's conclusion that his trial counsel made a strategic choice not to offer the diminished capacity defense, and argues that this decision was unreasonable. Objs. 6. However, as Judge Heffley recognized, any defense based on diminished capacity would have been far-fetched at best: Hill's argument was that a non-physical confrontation with the victim left Hill in such fear of the victim that— after several days had passed— he was still under a mental disorder that prevented him from forming the specific intent to kill when he ambushed the victim and shot him. R&R 9. Counsel's decision not to advance this theory was by no means unreasonable.

Hill argues additionally that his trial counsel's decision not to develop or investigate a diminished capacity defense was itself ineffective. Counsel's strategic choices made after full investigation are "virtually unchallengeable," but choices made after limited investigation are reasonable only to the extent that the limited investigation itself was reasonable. *Taylor v. Horn*, 504 F.3d 416, 430 (3d Cir. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (2007)). In this case, though, assuming that Hill's trial counsel did in fact decide not to investigate a

5
012618

diminished capacity defense, this decision was reasonable given the implausible nature of any such defense. *See Morales v. Vaughn*, 619 F. App'x 127, 131 (3d Cir. 2015) (holding that counsel was not ineffective for failing to investigate clearly meritless diminished capacity defense in light of strong evidence of intentional killing); *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

Hill complains that his trial counsel effectively started trial without a defense, arguing a misidentification defense without any alibi witnesses. However, as discussed, Hill's counsel tried to impeach the credibility of the victim and his identification of Hill. In short, Hill's chief complaint about his trial counsel's defense theory is that it did not succeed. But a defense theory does not support an ineffective assistance of counsel claim merely because it fails: in fact, because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The *Strickland* test for ineffective assistance of counsel contains a prejudice element that requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 430. Hill cannot satisfy this element because, in light of all the evidence against him, he cannot show that he would have been acquitted if his trial counsel had advanced a diminished capacity defense instead of the misidentification defense. Hill's third objection therefore is denied.

6
012618

**Objection Four: Judge Heffley erred in her finding that Hill's trial counsel was not ineffective for failing to move for a mistrial given that the jury was exposed to evidence of Hill's prior bad acts.**

Hill contends that trial testimony that suggested that he was a robber who sold drugs violated his due process rights and deprived him of the right to a fair trial. Objs. 7-8. At trial, the victim testified that Hill had been charged with robbing him, but as Judge Heffley recognized, Hill's own counsel elicited this statement from the victim to show that the victim had recanted that statement at a subsequent hearing, which led to the dismissal of a robbery charge against Hill. R&R 11. Hill concedes that the victim's testimony was "somewhat impeached" by trial counsel, but complains that the jury was still exposed to the testimony. Objs. 8. Hill ignores the fact that the victim's statement showed that Hill *did not* commit a robbery and that his counsel asked the question for a strategic reason: to impeach the credibility of the only eyewitness to the crime, in support of the misidentification defense. This decision was not ineffective assistance, and did not deprive Hill of a fair trial.

Hill also complains that his trial counsel should have moved for a mistrial after the victim testified that Hill was a drug dealer. Objs. 8. He recognizes, as Judge Heffley did, that although his trial counsel did not specifically say "I object," he did interject, "Your Honor," at which point the court instructed the jury to disregard the testimony. Generally, a jury is presumed to follow instructions; the risk that they will not "follow the court's instruction to ignore information depends on a number of factors including the strength of the proper evidence against the defendant, the nature of the information, and the manner in which the information was conveyed." *United States v. Lee*, 573 F.3d 155, 162-63 (3d Cir. 2009). Hill contends that the testimony describing him as a drug dealer prejudiced him "in the aggregate" with the testimony

about the robbery. Objs. 8. However, in light of the strength and quantity of the evidence against him, the two instances of prior bad acts did not render Hill's trial fundamentally unfair, as required to obtain habeas relief. *Johnston v. Love*, 940 F. Supp. 738, 773 (E.D. Pa. 1996) (quoting *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995)) ("[A] federal court cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair."), *aff'd*, 118 F.3d 1576 (3d Cir.); *Bronshtein v. Horn*, 404 F.3d 700, 730 (3d Cir. 2005) (quoting *Lesko v. Owens*, 881 F.2d 52, 52 (3d Cir. 1989)) ("[a]dmission of 'other crimes' evidence provides a ground for federal habeas relief only if 'the evidence's probative value is so conspicuously outweighed by its inflammatory content, so as to violate a defendant's constitutional right to a fair trial.'"). Hill's fourth objection is denied.

**Objection Five: Judge Heffley erred in deciding that the trial court properly admitted testimony establishing that Hill's nickname was "Vegaz" when the victim identified his attacker by that name.**

At Hill's trial, the victim testified that someone called "Vegaz" shot him; the trial court admitted testimony from police officers that they knew Hill to use the street name "Vegaz." R&R 12. Hill argues that the prejudicial effect of this testimony outweighed any probative value to the degree that it undermined the fundamental fairness of his trial. Judge Heffley rejected this argument because the Pennsylvania Superior Court concluded that the testimony did not give rise to an inference of criminal activity so as to be unduly prejudicial, and Hill did not suggest that the Pennsylvania rule is erroneous in such a way that deprives him of a fundamentally fair trial. R&R 13.

Hill objects that the police testimony created a due process violation that entitles him to habeas relief: he argues that the testimony was not probative because other evidence established his identity and was highly prejudicial because "the only way [the testifying officer] would know the Petitioner was in his official capacity," creating the prejudicial inference that Hill was a criminal. Objs. 9. Hill argues that "it cannot be determined if the Respondent applied federal law to the claim," and that, as a result, "it cannot be established if the state court decision was 'contrary to' or an 'unreasonable determination of facts'" as required to state a habeas claim. *Id.*

Judge Heffley has already addressed Hill's arguments that the police testimony was cumulative and prejudicial: she correctly concluded that the testimony was highly probative in corroborating other evidence of Hill's identity as "Vegaz" and that under Pennsylvania law, police familiarity with a defendant does not create prejudice. R&R 13. To the extent that Hill complains that it cannot be established that the state court decision was contrary to clearly established federal law, Hill's own argument demonstrates that his claim fails: he, as the petitioner, bears the burden of establishing that the Pennsylvania state courts' decisions conflict with clearly established federal law. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("We reemphasize that it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *Johnson v. Rosemeyer,* 117 F.3d 104, 109 (3d Cir. 1997) ("[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."); *Cheeseboro v. Lawler*, No. CIV A 09-0593, 2009 WL 2762626, at *6 (E.D. Pa. Aug. 27, 2009) (rejecting habeas claim based on violation of Pennsylvania rule of criminal procedure without argument that it violated federal law). Judge Heffley observed that Hill did

9
012618

not cite authority to suggest that the Pennsylvania evidence rule is so erroneous that it undermined the fundamental fairness of his trial. Hill does not do so in his objections, but merely offers the conclusion that the police testimony was "a due process violation of such magnitude that habeas review is required." Objs. 9.[1] He has failed to demonstrate a violation of clearly established federal law, and his objection is denied.

**Objection Six: Judge Heffley erred in concluding without an evidentiary hearing or factual record that Hill's trial counsel was not ineffective.**

Hill objects to Judge Heffley's finding that his trial counsel was not ineffective because Judge Heffley did not grant an evidentiary hearing and had no factual record to review in making her determination.

A habeas petitioner cannot obtain an evidentiary hearing on a claim adjudicated on the merits in state court unless he can "overcome the limitation of § 2254(d)(1) on the record that was before that state court," that is, unless he can demonstrate that the state court's rejection of his claim was an objectively unreasonable application of, or contrary to, Supreme Court precedent. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). Applying *Pinholster*, the Third Circuit Court of Appeals has recognized that district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d); "[o]therwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record. This would contravene AEDPA, which requires petitioners to diligently present the facts in state court before proceeding to the federal courthouse." *Brown v.*

---

[1] In *Keller v. Larkins*, the only federal case Hill cites in support of his objection, the Third Circuit found that the petitioner had not presented a federal constitutional claim to the state courts, such that his claim was procedurally defaulted. 251 F.3d 408, 414-15 (3d Cir. 2001). Thus, *Keller* does not provide Hill grounds for relief.

*Wenerowicz*, 663 F.3d 619, 628-29 (3d Cir. 2011) (holding that district court erred in conducting evidentiary hearing where petitioner sought to supplement the record with evidence he never presented to the state courts).

The Pennsylvania PCRA court ruled on the merits of Hill's ineffective assistance claims when it denied Hill's petition. PCRA Court Opinion, ECF No. 4-1, at 25-28. *See Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009) ("A claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance."). Furthermore, the Superior Court denied his appeal from the PCRA court, and the Supreme Court denied Hill's petition for allowance of appeal. R&R 3. Therefore, Hill is not entitled to an evidentiary hearing unless he can show that the Pennsylvania courts' rejection of his ineffective assistance claims was an objectively unreasonable application of, or contrary to, Supreme Court precedent. Reviewing the record from the state courts, Judge Heffley correctly concluded that Hill has not done so. *See Goldblum v. Klem*, 510 F.3d 204, 221 (3d Cir. 2007) (observing that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record," because otherwise, "district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts") (quoting *Schirro v. Landrigan*, 550 U.S. 465, 475 (2007)); *Denofa v. D'Ilio*, No. CV 13-7830 (RBK), 2017 WL 2829600, at *18 (D.N.J. June 30, 2017) ("Typically, federal habeas courts may consider only that evidence that was presented to the ruling state court.") (citing *Brown*). Hill's sixth objection is denied.[2]

---

[2] This Court observes that, contrary to Hill's assertion that Judge Heffley had no factual record, Judge Heffley did in fact have the state court record when reviewing Hill's petition. *See* ECF No. 17.

**Objection Seven: Judge Heffley erred in deciding that Hill cannot prevail on his claim that he was confined under an unconstitutional statute.**

Hill argues that he is entitled to relief under the Supreme Court's decision in *Alleyne v. United States*, which held that every fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be found by a jury beyond a reasonable doubt. 570 U.S. 99, 103 (2013). Hill argues that the trial court decided, based on a preponderance of the evidence standard, that he had used a weapon in the commission of a crime, which implicated a mandatory five-year minimum sentence by Pennsylvania statute; therefore, his conviction violates *Alleyne*. Judge Heffley rejected this argument because Hill's conviction became final on October 7, 2011, nearly two years before the decision in *Alleyne*, and *Alleyne* does not apply retroactively to convictions that became final before it was decided. R&R 17.

In his objections, Hill acknowledges that *Alleyne* has not been held to apply retroactively. Objs. 11. He argues nonetheless that *Alleyne* should be applied retroactively, because it states a new rule of constitutional law. *Id.* Hill requests relief that this Court has no power to give. The Third Circuit Court of Appeals has recognized that it cannot apply *Alleyne* retroactively absent a pronouncement from the Supreme Court that it should apply retroactively:

> And, of course, the decision to make *Alleyne* retroactive rests exclusively with the Supreme Court, which has not chosen to do so. *See Winkelman,* 746 F.3d at 136; *see also Simpson,* 721 F.3d at 876 ("Unless the Justices themselves decide that Alleyne applies retroactively on collateral review," lower courts may not do so.); *United States v. Redd,* 735 F.3d 88, 91 (2d Cir. 2013). Therefore, *Alleyne* does not provide Reyes with any basis for relief because the Supreme Court has not chosen to apply Alleyne's new rule retroactively to cases on collateral review.

*United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014). If the Third Circuit Court of Appeals has no power to make *Alleyne* retroactive merely because it sees a good reason, this Court

certainly cannot.³ Hill cannot obtain relief under *Alleyne*, and his seventh objection is overruled and denied.

V.      CONCLUSION

Magistrate Judge Heffley correctly concluded that the instant petition for writ of habeas corpus is meritless. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition without an evidentiary hearing.

A separate Order will be issued.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

³       In support of his argument to make *Alleyne* retroactive, Hill cites *Welch v. United States*, in which the Supreme Court announced that its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applied retroactively. 136 S. Ct. 1257. Although Hill tries to analogize his own conviction to the conviction held unconstitutional in *Johnson*, he cannot escape the fact that, unlike the rule in *Johnson*, the Supreme Court has not yet made the rule in *Alleyne* retroactive, and that Third Circuit precedent holds that *Alleyne* does not apply retroactively until the Supreme Court holds that it does.